# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
)
      Plaintiff,      )
)
)
    v.      )      Cr. ID No. 30604628DI
)
)
BENJAMIN F. WHITEMAN,      )
)
      Defendant.      )
)

Submitted: September 11, 2024
Decided: October 18, 2024

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S POSTCONVICTION MOTION SEEKING A "CERTIFICATE OF APPEALABILITY" SHOULD BE DENIED

Daniel Logan, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Benjamin Whiteman, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

PARKER, Commissioner

This 18th day of October 2024, upon consideration of Defendant's Postconviction Motion seeking a "Certificate of Appealability", it appears to the Court that:

1. Defendant Benjamin F. Whiteman pled guilty in 1987 to one count of second degree burglary. The 1987 plea agreement provided that the State would not recommend a life sentence but the defendant would admit that his three prior felony convictions qualified him as a habitual offender under 11 *Del. C.* § 4214(a). The Superior Court accepted the plea agreement but did not sentence him as a habitual offender. Rather, the Superior Court, in its discretion, sentenced Defendant to 10 years of Level V incarceration, to be suspended after 3 years, for 7 years of decreasing levels of supervision.

2. In 1989, a Superior Court jury convicted Defendant of third degree unlawful sexual penetration in Criminal Action No. 30901716DI. Defendant was sentenced to life imprisonment as a habitual offender in accordance with 11 *Del. C.* § 4214(a). Defendant's habitual sentence was effective on March 15, 1989 and was to be served consecutive to any other sentence he was then serving.[1] On direct appeal, the Delaware Supreme Court affirmed Defendant's conviction.[2]

---

[1] *State v. Whiteman,* ID No. 30901716DI (Del.Super. Oct.27, 1989)(D.I. 15).
[2] *Whiteman v. State,* 1991 WL 12112 (Del.).

1

3. Since that 1989 life imprisonment sentence, Whiteman has barraged the courts with attacks on his 1987 and 1989 convictions and sentences, all without success.[3] Included among those attacks, Whiteman has already filed three unsuccessful Rule 61 motions challenging his plea and sentence related to his 1987 burglary conviction.[4]

4. The Delaware Supreme Court has previously held that Whiteman's untimely, repetitive, and frivolous filings constitute an abuse of the judicial process. In the future, unless leave to proceed is granted by the Delaware Supreme Court, Whiteman is enjoined from proceeding in the Delaware Supreme Court on any claim related to his 1989 sentence.[5]

5. On August 5, 2024, Defendant filed the subject postconviction motion seeking a "Certificate of Appealability" again challenging the validity of his 1987 plea and sentence.

6. At this late stage, Whiteman does not have standing to challenge his 1987 burglary conviction and sentence since he has already fully served and been discharged from that sentence. Whiteman is currently serving a separate life term from a wholly unrelated 1989 conviction for unlawful

---

[3] See, *Whiteman v. State,* 2009 WL 3086567 (Del.); *Whiteman v. State,* 2013 WL 434143, *1 (Del.).

[4] See, *State v. Whiteman,* 2006 WL 1579781, *1-2 (Del.Super.), *aff'd,* 2006 WL 1971811 (Del.); *State v. Whiteman,* 2013 WL 434143 (Del.); *State v. Whiteman,* 2022 WL 17076219 (Del.Super.), *dismissing appeal,* 2023 WL 1809359 (Del.).

[5] *Whiteman v. State,* 2017 WL 961804, *1 (Del.).

sexual penetration. Any academic argument about the validity of the burglary conviction and sentence presents no "actual controversy" now because that sentence was terminated decades ago.[6]

7.     Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a judgment.[7] Under Rule 61, a person loses standing to move for postconviction relief where the defendant is not in custody or subject to future custody for the underlying offense or challenged sentence.[8]

8.     The only exception to Rule 61 requiring the defendant to be in custody or subject to future custody for the challenged sentence is when the defendant suffers "collateral legal disabilities or burdens" from the conviction.[9] But the Delaware Supreme Court has consistently held that the later use of an earlier conviction as a predicate offense for habitual offender sentencing does not constitute a collateral legal disability or burden, and does not create an exception to the "in custody" requirement of Rule 61.[10]

---

[6] See, D.I. 121- Order dated April 15, 2021 denying Defendant's Motion for Correction of Illegal Sentence as moot. See also, *State v. Whiteman,* 2022 WL 17076219, *1 (Del.Super.)(as Defendant is not currently in custody for the burglary sentence, he is not entitled to Rule 61 considerations).

[7] *Weber v. State,* 2019 WL 3268813, *3 (Del. 2019); *Alley v. State,* 2015 WL 7188326 (Del.).

[8] Del.Super.Ct.Crim.R. 61(a)(1); *Weber v. State,* 2019 WL 3268813, *3 (Del.); *Coleman v. State,* 2015 WL 5096047, *2 (Del. 2015).

[9] *Weber v. State,* 2019 WL 3268813, *3 (Del. 2019).

[10] *Weber v. State,* 2019 WL 3268813, *3 (Del. 2019); *Coleman v. State,* 2015 WL 5096047, *2 (Del.); *Short v. State,* 2015 WL 4199849 (Del.)(rejecting claim that 2002 conviction used to enhance sentence for 2004 conviction gave standing to invalidate the

3

9. The pending motion, seeking to set aside the 1987 burglary conviction and sentence, must be considered through the lens of Rule 61. Since Whiteman is not currently in custody for the 1987 burglary conviction, he lacks standing to seek Rule 61 postconviction relief related to that conviction. His postconviction motion for a "certificate of appealability" to challenge his 1987 burglary conviction and sentence is denied.

10. For the sake of completeness, even if Whiteman was entitled to Rule 61 considerations, he would not be able to overcome the threshold requirement for proceeding with the pending motion.

11. Rule 61 contains a number bar that precludes review of "second or subsequent" motions.[11] Rule 61 requires all second or subsequent motions to be summarily dismissed unless an exception applies.[12] The only defendants that can avail themselves of an exception to the procedural bars, are those defendants that were convicted after a trial.[13] For defendants who pled guilty, like Whiteman, and did not have a trial, there are no applicable exceptions.[14] For defendants whose convictions stemmed from a guilty plea, any second or subsequent motion must be summarily dismissed. Here,

---

2002 conviction even though defendant was no longer in custody on sentence imposed for 2002 conviction).

[11] Del.Super.Crim.R. 61(d)(2), (i)(2).

[12] Del.Super.Crim.R. 61(d)(2), (i)(5).

[13] See, Del.Super.Crim.R. 61(d)(2).

[14] See, *Cadiz v. State,* 2022 WL 3366253, *1 (Del.); *Brice v. State,* 2024 WL 3710504, *1 (Del.).

4

Whiteman's conviction to the 1987 theft charge stemmed from a guilty plea. As such, there are no exceptions applicable to him to the Rule 61 bar precluding the consideration of second or subsequent motions.

12.    In accordance with the mandates of Rule 61, Whiteman's pending motion, his fourth, should be dismissed because he failed to meet the threshold pleading requirements for proceeding with a successive Rule 61 motion.

13.    In connection with the pending motion, Whiteman has also requested the appointment of counsel.  Because Whiteman lacks standing to challenge his 1987 burglary conviction and sentence, his request for the appointment of counsel is denied.  Even if he did not lack standing, Whiteman has not satisfied the pleading requirements allowing him to proceed with the pending motion, and therefore, his request for the appointment of counsel is denied.

For all of the foregoing reasons, Defendant Whiteman's Postconviction Motion seeking a "certificate of appealability" to challenge his 1987 theft conviction and sentence should be **DENIED**. Whiteman lacks standing to challenge his 1987 burglary conviction and sentence, and even if he did not, his has failed to satisfy the threshold pleading requirements allowing him to proceed with the pending motion. His related request for the appointment of counsel should also be **DENIED.**

**IT IS SO RECOMMENDED.**

/s/ *Lynne M. Parker*
Commissioner Lynne M. Parker

oc:     Prothonotary